UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HTIN AUNG KYAW,<br><br>        Plaintiff,<br><br>    v.<br><br>UR MENDOZA JADDOU, et al.,<br><br>        Defendants. | Case No. 24-cv-06326-VC<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 13 |

    The government's motion for summary judgment is granted. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

    1. *Mandamus Act*. Kyaw seeks mandamus to compel the government to adjudicate his asylum claim within the time limits set out in 8 U.S.C. § 1158(d)(5)(A). Mandamus is "an extraordinary remedy" only available if: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). An asylum applicant does not have a clear and certain claim under Section 1158(d)(5)(A) because Section 1158(d)(7) states that nothing in this subsection "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers." Mandamus relief is therefore foreclosed. *See, e.g.*, *Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1176 (N.D. Cal. 2023) (citing cases).

    2. *APA Unreasonable Delay*. Kyaw also seeks to compel USCIS to adjudicate his asylum claim under the APA. While there is no right of action under Section 1158(d)(7), the APA still provides "limited judicial review for compelling agency action where the agency action is

unlawfully withheld or unreasonably delayed." *Fang Yan v. Director of Los Angeles Asylum Office for the United States Citizenship & Immigration Services*, No. 222CV05846, 2023 WL 4053410, at *2 (C.D. Cal. June 16, 2023); *see Vaz v. Neal*, 33 F.4th 1131, 1135–36 (9th Cir. 2022). While Kyaw cannot compel USCIS to act within the specific statutory time limits set out in Section 1158(d)(5)(A), he can seek to compel USCIS to adjudicate his application within a reasonable time period. *See Su*, 698 F. Supp. 3d at 1175 (citing cases).

Whether USCIS's 3.5-year delay in adjudicating Kyaw's application is unreasonable depends on an analysis of the *TRAC* factors. *See Telecommunications Research and Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984). The first and most important factor is whether the timeliness of the agency's actions are governed by a "rule of reason." This factor favors the government. USCIS currently has a two-track system for scheduling asylum interviews. One track is last-in-first-out (LIFO) because USCIS determined that LIFO would discourage people from filing frivolous asylum claims solely to obtain employment authorization and stay in the country for longer. USCIS has employed this track since 1995 and attributes its significant decrease in asylum applications from 1995 to 2013 to this system. *See* Lafferty Decl. ¶ 12, Dkt. No. 13-1. The other track is first-in-first-out (FIFO) because the oldest cases have been severely backlogged and need to be adjudicated. USCIS assigns a portion of its asylum officers to focus solely on the oldest cases and work backwards from there. This system reflects a rule of reason that both prioritizes weeding out frivolous filings and managing the backlog. *See Kurt v. Mayorkas*, No. 24-CV-02792, 2024 WL 5161950, at *4 (N.D. Cal. Dec. 18, 2024).

The second factor is whether Congress has "provided a timetable or other indication of the speed with which it expects the agency to proceed." *TRAC*, 750 F.2d at 80. This factor favors Kyaw. The asylum statute does specify time limits which the government has not followed. The government has also failed to provide any other timetable by which Kyaw's petition is likely to be adjudicated.

The third and fifth factors both concern the extent to which "human health and welfare are at stake" and the "nature and extent of the interests prejudiced by the delay." *Id.* These

factors slightly favor the government. While the adjudication of the asylum application is potentially critical for Kyaw's welfare, he has put forth no evidence about how the delay has affected his physical, emotional, or financial well-being. He is currently legally authorized to live and work in the United States through 2029, and he may renew his work authorization at that time as well. *See Su*, 698 F. Supp. 3d at 1178.

The fourth factor is the "effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. This factor also favors the government. As previously explained, USCIS has adopted a two-track system that prioritizes adjudicating frivolous filings as they come in and the applications that have been pending for the longest. USCIS also prioritizes applicants who need a faster adjudication for humanitarian reasons through its expedited review process. Kyaw applied for expedited review in June 2023 but was denied in August 2023. Compelling USCIS to adjudicate Kyaw's application now would undermine the agency's prioritizations of asylum applications and would effectively just push other applicants back in the line.

Finally, the sixth factor, which is whether there are any "improprieties behind agency lassitude" is not relevant here, as there is no evidence of any improprieties. *Id.*

Considering the above factors, the government's delay of 3.5 years is not unreasonable under the APA. *See, e.g.*, *Zafarmand v. Pompeo*, No. 20-cv-803, 2020 WL 4702322, at *1, 7 (N.D. Cal. Aug. 13, 2020) ("Courts have generally found delays of four years or less not to be unreasonable.").[1]

**IT IS SO ORDERED.**

---

[1] Kyaw also argues that the Court should defer or deny the motion because he has not had an opportunity to conduct adequately discovery. That request is denied. Aside from generally claiming that the government's declarations lack specificity, Kyaw does not identify any material dispute of fact with the government's evidence, nor does he specify what other evidence he was unable to seek in discovery. Further, Kyaw put forth no evidence of his own, even though at least some of the relevant evidence (such as the impact of the delay on his welfare) should be in his own possession.

Dated: May 6, 2025

_____
VINCE CHHABRIA
United States District Judge

4